1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EILA RAMIREZ,

                    Plaintiff,

        vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1]

                    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 12-5308 RNB

ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS

    Plaintiff filed a Complaint herein on June 19, 2012, seeking review of the Commissioner's denial of her application for Disability Insurance Benefits.   In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on March 21, 2013.  Thus, this matter now is ready for decision.[2]

---

    [1]    The Acting Commissioner is hereby substituted as the defendant pursuant to Fed. R. Civ. P. 25(d).  No further action is needed to continue this case by reason of the last sentence of 42 U.S.C. § 405(g).

    [2]    As the Court advised the parties in its Case Management Order, the
(continued...)

1

1

**DISPUTED ISSUES**

2       As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising

3  as the grounds for reversal and remand are as follows:

4           1.      Whether the Administrative Law Judge ("ALJ") properly

5       evaluated all of the medical opinions in the record.

6           2.      Whether the ALJ properly determined plaintiff's residual

7       functional capacity ("RFC").

8           3.      Whether the ALJ made a proper adverse credibility

9       determination with respect to plaintiff's son.

10          4.      Whether the ALJ made a proper adverse credibility

11      determination with respect to plaintiff.

12          5.      Whether the ALJ properly rejected the opinion of plaintiff's

13      treating physician.

14          6.      Whether the ALJ posed a proper hypothetical question to

15      the vocational expert ("VE").

16

17

**DISCUSSION**

18      As to Disputed Issue No. 5, as discussed hereafter, the Court concurs with the

19  Commissioner that reversal is not warranted with respect to the ALJ's alleged failure

20  to properly consider the treating physician's opinion.  As to Disputed Issue Nos. 1-4,

21  the Court concurs with plaintiff that the ALJ failed to properly evaluate all of the

22  medical opinions in the record, failed to properly determine plaintiff's RFC, and

23

24

   ²(...continued)

25  decision in this case is being made on the basis of the pleadings, the administrative

26  record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties.  In accordance

27  with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined

28  which party is entitled to judgment under the standards set forth in 42 U.S.C. §

    405(g).

failed to make proper adverse credibility determinations with respect to plaintiff and plaintiff's son.  As a result, it is unnecessary for the Court to reach the issue of whether the ALJ posed a proper hypothetical question to the VE (Disputed Issue No. 6), although it does not appear to the Court that plaintiff's underlying contention is well taken.[3]

**A.**     **Reversal is not warranted based on the ALJ's alleged failure to properly consider the opinion of plaintiff's treating physician (Disputed Issue No. 5).**

Disputed Issue No. 5 is directed to the ALJ's rejection of the opinion of plaintiff's treating physician, Dr. Jimeno, who authored two letters describing plaintiff as "totally and permanently disabled" and an RFC questionnaire imposing functional limitations effectively limiting plaintiff to semi-sedentary work.  (See Jt Stip at 28-30; see also AR at 817, 819-25, 924.)

The law is well established in this Circuit that a treating physician's opinions are entitled to special weight because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual.  See McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).  "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).  The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record.  See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and

---

[3]     See Hendrickson v. Commissioner of Social Sec., 2012 WL 4006702, at *9 (E.D. Mich. Aug 16, 2012) (collecting cases rejecting challenges to the term "moderate" in hypothetical questions).

convincing" reasons.  See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991).  Where the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record.  See, e.g., Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) ("A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record."); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

Here, the ALJ proffered multiple reasons for why he gave "little weight" to Dr. Jimeno's opinion.  (See AR at 25.)  For example, the ALJ noted that Dr. Jimeno had not provided any clinical findings to substantiate his opinions.  (See id.)  Relatedly, the ALJ noted that there was no supporting evidence of any laboratory data, such as x-rays, CT scans, or MRIs.  (See id.)  Based on the record before the ALJ,[4] the Court finds that this constituted a legally sufficient reason for giving little weight to Dr. Jimeno's opinion.  See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (treating physician's opinion that was "unsupported by rationale or treatment notes, and offered no objective medical findings" to support diagnoses was properly rejected).

The ALJ also noted that Dr. Jimeno's treatment of plaintiff had been very conservative, consisting of only unspecified medications.  (See AR 25; see also AR 821-22.)  Similarly, the ALJ noted that Dr. Jimeno had not referred plaintiff to an orthopedist, pain specialist, or physical therapist.  (See AR 25.)  Based on the record

---

[4]      The ALJ also noted that, according to plaintiff's attorney, Dr. Jimeno did not wish to submit plaintiff's treating medical records for the Commissioner's review (see AR 28), even though the ALJ kept the record open for that purpose (see AR 40-41).

1  before the ALJ, the Court finds that this constituted a legally sufficient reason for

2  giving little weight to Dr. Jimeno's opinion.  See Rollins v. Massanari, 261 F.3d 853,

3  856 (9th Cir. 2001) (treating physician's opinion of disability was properly rejected

4  where he had prescribed a conservative course of treatment).

5        The Court therefore finds and concludes that reversal is not warranted based

6  on the ALJ's alleged failure to properly consider Dr. Jimeno's opinion.

7

8  **B.    The ALJ failed to properly consider all of the medical opinions in the**

9     **record (Disputed Issue No. 1).**

10       Disputed Issue No. 1 is directed to the ALJ's failure to discuss the medical

11 opinions of Dr. Nagelberg, Dr. Angerman, and Dr. Marshak.  (See Jt Stip at 4.)

12 Specifically, plaintiff contends that the ALJ improperly ignored evidence that (1) Dr.

13 Nagelberg opined in June 2002 that plaintiff's left shoulder injury imposed various

14 limitations; (2) Dr. Angerman similarly opined that plaintiff's left shoulder injury

15 imposed various limitations, including a restriction against repetitive use of her left

16 arm at or above shoulder level; and (3) Dr. Marshak opined that plaintiff's depressive

17 disorder imposed various limitations, including moderate limitations in the ability to

18 perform simple, repetitive tasks and the ability to maintain a pace appropriate to a

19 given work load.

20

21       Dr. Nagelberg

22       Dr. Nagelberg's opinion was rendered in June 2002 (see AR 273-78), prior to

23 plaintiff's left shoulder surgery in January 2003 (see AR 531), after which plaintiff

24 reported improvement in the shoulder (see AR 478).  There is no evidence that Dr.

25 Nagelberg saw plaintiff after her January 2003 surgery.  Accordingly, the Court finds

26 that Dr. Nagelberg's June 2002 opinion regarding plaintiff's left shoulder limitations

27 was not significant and probative evidence, and therefore the ALJ did not err in

28 failing to discuss it.  See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th

1   Cir. 2003) (the ALJ need only discuss evidence that is significant and probative).

2

3       Dr. Angerman

4       Dr. Angerman rendered his opinion (i.e., that plaintiff was restricted from
5   repetitive use of her left arm at or above shoulder level) in March 2004 (see AR 307-
6   25), more  than one year after plaintiff's shoulder surgery.

7       Although the Commissioner maintains that Dr. Angerman's opinion was not
8   significant and probative evidence (see Jt Stip at 5-11), the Court rejects the
9   Commissioner's three contentions in this regard.   First, the Commissioner's
10  contention that the ALJ could overlook the opinion because Dr. Angerman was a
11  worker's compensation physician is contrary to Ninth Circuit authority and the
12  Commissioner's own regulations.  See, e.g., Macri v. Chater, 93 F.3d 540, 543-44
13  (9th Cir. 1996); Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573,
14  576 (9th Cir 1988); Booth v. Barnhart, 181 F. Supp. 2d 1099, 1105 (C.D. Cal. 2002)
15  ("[T]he ALJ may not disregard a physician's opinion simply because it was initially
16  elicited in a state workers' compensation proceeding, or because it is couched in the
17  terminology used in such proceedings."); 20 C.F.R. § 404.1527(c) ("Regardless of its
18  source, we will evaluate every medical opinion we receive.").   Second, the
19  Commissioner's contention that the opinion could be overlooked merely because it
20  was inconsistent with the opinions of other physicians, particularly the examining
21  physician, Dr. Ella-Tamayo, is contrary to Ninth Circuit authority that, where a
22  treating physician's opinion is controverted, an ALJ may not simply disregard it but
23  must provide specific and legitimate reasons supported by substantial evidence of
24  record to reject it.  See Orn v. Astrue, 495 F.3d 625, 634 (9th Cir. 2007).  Third, the
25  Commissioner's contention that the opinion was not significant and probative
26  because plaintiff's condition had improved, evidenced by her failure to seek medical
27  treatment, overlooks plaintiff's uncontested testimony that after her worker's
28  compensation medical coverage was terminated in 2005, she generally could not

6

afford treatment.  (See AR 44, 56.)

The Court therefore finds that Dr. Angerman's opinion was significant and probative evidence, and that the ALJ erred by effectively rejecting the opinion without discussing it.  See Smolen v. Chater, 80 F.3d 1273, 1286 (9th Cir. 1996) (ALJ's effective rejection of medical opinions without explicit reasons for doing so was legal error); Bellamy v. Sec. of Health and Human Servs., 755 F.2d 1380, 1382 (9th Cir. 1985) (ALJ erred by failing to make any explicit findings concerning claimant's leg pain, which was substantiated by doctors' reports); Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) (An ALJ "must explain why significant and probative evidence has been rejected.").

Moreover, the Court finds that the ALJ's failure to discuss Dr. Angerman's opinion that plaintiff was restricted from repetitive use of her left arm at or above shoulder level was not harmless error because the job that the ALJ found plaintiff could do (i.e., stock clerk) requires frequent reaching and handling.  See DOT No. 222.387-058.

Dr. Marshak

The Commissioner fails to challenge plaintiff's contention with respect to Dr. Marshak, who opined in April 2004 that plaintiff had moderate limitations in the ability to perform simple, repetitive tasks and the ability to maintain a pace appropriate to a given work load.  (See AR 372-97.)  Based on the Commissioner's apparent concession on this issue, the Court finds that Dr. Marshak's opinion was significant and probative evidence and that the ALJ erred by failing to discuss it. Moreover, the Court finds that the error was not harmless because the mental functional limitations imposed by Dr. Marshak could have precluded plaintiff from performing the stock clerk job.

//

//

7

**C.   The ALJ failed to properly consider all of the medical opinions in determining plaintiff's RFC (Disputed Issue No. 2).**

Disputed Issue No. 2 is directed to the ALJ's failure, in determining plaintiff's RFC, to account for the opinions of Dr. Nagelberg, Dr. Angerman, and Dr. Rah. (See Jt Stip at 12-14.)

With respect to Dr. Rah, who performed plaintiff's left shoulder surgery in January 2003 (see AR 531), plaintiff cites various clinical findings that the ALJ failed to discuss (see Jt Stip at 13-14), but cites no functional limitations imposed by Dr. Rah that the ALJ allegedly should have considered in determining plaintiff's RFC. Accordingly, the Court rejects plaintiff's contention with respect to Dr. Rah. Moreover, the Court's finding above that the ALJ did not err in failing to discuss Dr. Nagelberg's opinion is dispositive of plaintiff's contention in Disputed Issue No. 2 with respect to Dr. Nagelberg.

However, it follows from the Court's finding above with respect to Dr. Angerman that the Court is compelled to find that the ALJ's RFC determination was not supported by substantial evidence because it failed to account for the opinion of Dr. Angerman that plaintiff was restricted from repetitive use of her left arm at or above shoulder level.

**D.   The ALJ failed to make a proper adverse credibility determination with respect to plaintiff's excessive pain testimony (Disputed Issue No. 4).**

Disputed Issue No. 4 is directed to the ALJ's adverse credibility determination with respect to plaintiff's subjective symptom testimony. (See Jt Stip at 20-22.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and

1   the record is devoid of any affirmative evidence of malingering, the ALJ may reject

2   the claimant's testimony regarding the severity of the claimant's pain and/or other

3   symptoms only if the ALJ makes specific findings stating clear and convincing

4   reasons for doing so.  See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see

5   also Smolen, 80 F.3d at 1281; Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993);

6   Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (en banc).

7   Here, plaintiff testified that she could not work because of pain throughout her

8   body, particularly in her hands, back, neck, and right leg.  (See AR 40.)  The ALJ

9   found that, although plaintiff's medically determinable impairments could reasonably

10   be expected to cause the alleged symptoms, plaintiff's statements concerning the

11   intensity, persistence, and limiting effects of these symptoms were not credible to the

12   extent they were inconsistent with the ALJ's RFC assessment.  (See AR 27.)

13   In support of this adverse credibility determination, the ALJ proffered five

14   reasons.  (See AR 27-28.)  First, the ALJ noted a "paucity of objective findings" for

15   plaintiff's physical and mental complaints, without elaboration.  (See AR 27.)  Under

16   Ninth Circuit jurisprudence, a lack of objective medical support may be a legally

17   sufficient reason to discount a claimant's subjective symptom testimony, but the ALJ

18   must specifically explain how the evidence undermines the testimony.  The ALJ did

19   not do so here.  See Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007) ("The ALJ

20   must provide 'clear and convincing' reasons to reject a claimant's subjective

21   testimony, by specifically identifying 'what testimony is not credible and what

22   evidence undermines the claimant's complaints.'") (quoting Lester v. Chater, 81 F.3d

23   821, 834 (9th Cir. 1995)), cert. denied, 552 U.S. 1141 (2008); Fair v. Bowen, 885

24   F.2d 597, 602 (9th Cir. 1989) ("In order to disbelieve a claim of excess pain, an ALJ

25   must make specific findings justifying that decision.").  Also militating against

26   finding that the ALJ's first reason was a legally sufficient reason is the ALJ's failure

27   to discuss significant and probative evidence that supported plaintiff's subjective

28   symptom testimony, and in particular the opinions of Dr. Angerman and Dr. Marshak.

9

Second, the ALJ noted that, notwithstanding plaintiff's assertion that she could not afford medical treatment, plaintiff failed to seek help at county facilities. (See AR 27.) However, the record fails to show that plaintiff unreasonably failed to avail herself of such resources, and the ALJ made no specific finding that they were even available. See Dhillon v. Astrue, 2013 WL 705470, at *9 (D. Or. Jan. 30, 2013) (ALJ's finding that claimant failed to seek low income resources was not clear and convincing reason where the record included no evidence that claimant unreasonably failed to seek any free medical care that was available, and the ALJ made no findings as to the existence of such resources).

Third, the ALJ noted that, contrary to plaintiff's testimony that "everything hurts" (i.e., her hands, neck, back, and right leg), the record showed full range of motion in all of those areas. (See AR 27-28.) However, the ALJ failed to cite any specific clinical evidence supporting that finding. See Regennitter v. Commissioner of Social Sec. Admin., 166 F.3d 1294, 1297 (9th Cir. 1999) (ALJ's finding that claimant's testimony was "inconsistent with clinical observations" was not clear and convincing reason because the ALJ "failed to specify what complaints [were] contradicted by what clinical observations").

Fourth, the ALJ noted that plaintiff had not been hospitalized for any reason, including psychiatric reasons. (See AR 28.) However, requiring hospitalization or comparably serious treatment as a condition for accepting a claimant's subjective symptom testimony is contrary to Ninth Circuit authority. See Fair, 885 F.2d at 603 ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits."); Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987) (disability does not mean that a claimant "must vegetate in a dark room").

Fifth, the ALJ noted that there were inconsistencies regarding plaintiff's treatment: although plaintiff told an examining physician in 2009 that she was not seeing any physician on a regular basis, she testified at the hearing that she had been under the care of Dr. Jimeno since 2005. (See AR 28.) However, there was no

1   inconsistency in plaintiff's statements about her treatment because plaintiff gave
2   uncontested testimony that her worker's compensation medical coverage terminated
3   in 2005 (see AR 44) and that since that time, she saw doctors, including Dr. Jimeno,
4   only when she had money (see AR 56), not on a regular basis.  See Reddick, 157 F.3d
5   at 722 (reversing ALJ's adverse credibility determination where it was "not entirely
6   accurate" with regard to the record).

7          The Court therefore finds and concludes that reversal is warranted here because
8   none of the reasons given by the ALJ constituted a clear and convincing reason for
9   rejecting plaintiff's excessive pain testimony.

10
11  **E.     The ALJ failed to make a proper adverse credibility determination with**
12          **respect to the lay testimony of plaintiff's son (Disputed Issue No. 3).**

13         Disputed Issue No. 3 is directed to the ALJ's failure to address the testimony
14  of plaintiff's son, David Ramirez.  (See Jt Stip at 17-18.)

15         The law is well-established in this Circuit that lay witness testimony as to how
16  a claimant's symptoms affect the claimant's ability to work is competent evidence and
17  cannot be disregarded without providing specific reasons germane to the testimony
18  rejected.  See, e.g., Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); Smolen,
19  80 F.3d at 1288-89; Dodrill, 12 F.3d at 919.

20         Here, plaintiff's son, David Ramirez, completed a Third Party Function Report
21  in which he stated that plaintiff had the ability to lift 6-8 pounds and walk for one
22  block at a time, after which she needed to rest for 30-40 minutes.  (See AR 195.)
23  Since the ALJ failed even to discuss plaintiff's son's statement, the ALJ erred under
24  Ninth Circuit jurisprudence.

25         The Commissioner argues that any error in the ALJ's failure to explicitly
26  address plaintiff's son's statement was harmless because the ALJ validly rejected all
27  of the limitations described by plaintiff's son in discussing plaintiff's testimony.  (See
28  Jt Stip at 18.)  However, the Commissioner's reliance on Molina v. Astrue, 674 F.3d

1   1104 (9th Cir. 2012) in support of this argument is misplaced.  In <u>Molina</u>, 674 F.3d
2   at 1122, the Ninth Circuit held that the ALJ's failure to provide specific reasons for
3   rejecting lay testimony was harmless error where testimony did not describe any more
4   limitations than those plaintiff herself described, which the ALJ validly rejected.
5   Here, the Court has found that the ALJ failed to validly reject plaintiff's excessive
6   pain testimony.  Therefore, <u>Molina</u> is not applicable here.  Further, this is not an
7   instance where the Court "can confidently conclude that no reasonable ALJ, when
8   fully crediting the testimony [of Mr. Ramirez], could have reached a different
9   disability determination."  <u>See Stout v. Commissioner, Social Sec. Admin.</u>, 454 F.3d
10  1050, 1056 (9th Cir. 2006).  Rather, if Mr. Ramirez's testimony about plaintiff's
11  limitations was fully credited, a reasonable ALJ could have concluded that plaintiff's
12  impairments precluded plaintiff from performing the stock clerk job.  <u>See Stout</u>, 454
13  F.3d at 1056 (holding that ALJ's failure to consider lay witness testimony about
14  claimant's limitations was not harmless error where a reasonable ALJ could find that
15  such limitations would preclude gainful employment).
16      The Court therefore finds and concludes that reversal also is warranted based
17  on the ALJ's failure to properly consider the lay testimony of plaintiff's son.
18
19                      **CONCLUSION AND ORDER**
20      The law is well established that the decision whether to remand for further
21  proceedings or simply to award benefits is within the discretion of the Court.  <u>See,</u>
22  <u>e.g.</u>, <u>Salvador v. Sullivan</u>, 917 F.2d 13, 15 (9th Cir. 1990); <u>McAllister v. Sullivan</u>,
23  888 F.2d 599, 603 (9th Cir. 1989); <u>Lewin v. Schweiker</u>, 654 F.2d 631, 635 (9th Cir.
24  1981).  Remand is warranted where additional administrative proceedings could
25  remedy defects in the decision.  <u>See, e.g.</u>, <u>Kail v. Heckler</u>, 722 F.2d 1496, 1497 (9th
26  Cir. 1984); <u>Lewin</u>, 654 F.2d at 635.  Remand for the payment of benefits is
27  appropriate where no useful purpose would be served by further administrative
28  proceedings, <u>Kornock v. Harris</u>, 648 F.2d 525, 527 (9th Cir. 1980); where the record

1  has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986);

2  or where remand would unnecessarily delay the receipt of benefits, Bilby v.

3  Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

4       Weighing in favor of a remand for further administrative proceedings here is

5  the fact that this is not an instance where no useful purpose would be served by

6  further administrative proceedings.  Rather, additional administrative proceedings

7  conceivably could remedy the defects in the ALJ's decision.

8       The Court is mindful of Ninth Circuit case authority holding that "the district

9  court should credit evidence that was rejected during the administrative process and

10  remand for an immediate award of benefits if (1) the ALJ failed to provide legally

11  sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that

12  must be resolved before a determination of disability can be made; and (3) it is clear

13  from the record that the ALJ would be required to find the claimant disabled were

14  such evidence credited." See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004);

15  see also, e.g., Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S.

16  1038 (2000)[5]; Smolen, 80 F.3d at 1292; Varney v. Secretary of Health & Human

17  Servs., 859 F.2d 1396, 1399-1401 (9th Cir. 1988).   Under the foregoing case

18  authority, when this test is met, the Court will take the improperly discredited

19  testimony as true and not remand solely to allow the ALJ another opportunity to make

20  specific findings regarding that testimony.  This rule applies not only to a claimant's

21  improperly discredited excess pain and other subjective symptom testimony, but also

22  to a lay witness's improperly discredited testimony.  However, in Connett v. Barnhart,

23  340 F.3d 871, 876 (9th Cir. 2003), the panel held that the "crediting as true" doctrine

24  was not mandatory in the Ninth Circuit.   There, the Ninth Circuit remanded for

25

26  _____

27       [5]     In Harman, the Ninth Circuit noted that this three-part test "really
     constitutes a two part inquiry, wherein the third prong is a subcategory of the
28  second."  Harman, 211 F.3d at 1178 n.7.

1 | reconsideration of the claimant's credibility where the record contained insufficient
2 | findings as to whether the claimant's testimony should be credited as true.  See id.
3 |     Based on its review and consideration of the entire record, the Court has
4 | concluded on balance that a remand for further administrative proceedings pursuant
5 | to sentence four of 42 U.S.C. § 405(g) is warranted here.  Accordingly, IT IS
6 | HEREBY ORDERED that Judgment be entered reversing the decision of the
7 | Commissioner of Social Security and remanding this matter for further administrative
8 | proceedings.[6]

DATED:  April 22, 2013

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[6]    It is not the Court's intent to limit the scope of the remand.

14