O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EILA RAMIREZ,<br><br>　　　　　Plaintiff,<br>　vs.<br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br>　　　　　Defendant. | Case No. CV 12-5308 RNB<br><br>MEMORANDUM OPINION<br>GRANTING PLAINTIFF'S PETITION<br>FOR EAJA FEES; AND ORDER<br>THEREON |

    Now pending before the Court and ready for decision is plaintiff's Petition for Attorney Fees and Expenses Under the Equal Access to Justice Act ("EAJA").

    In its Opposition ("Opp.") to plaintiff's fee petition, the Government does not contend that the petition was untimely, challenge plaintiff's status as a prevailing party, or contend that the fees should be reduced because the requested amount is unreasonable. Instead, the Government contends that plaintiff's fee petition should be denied in its entirety because the Commissioner's position was substantially justified. (See Opp. at 3-11.) Alternatively, the Government contends, if EAJA fees are to be awarded, they must be paid to plaintiff, not his attorney, under the Supreme Court's decision in Astrue v. Ratliff, - U.S. -, 130 S. Ct. 2521, 2525, 177 L. Ed. 2d 91 (2010). (See Opp. at 11-13.)

**DISCUSSION**

The EAJA provides in pertinent part:

> "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The term "position of the United States" is not limited to the legal position of the Government during litigation, but rather includes "the action or failure to act by the agency upon which the civil action is based. See 28 U.S.C. § 2412(d)(2)(D); Gutierrez v. Barnhart, 274 F.3d 1255, 1259 (9th Cir. 2001); Andrew v. Bowen, 837 F.2d 875, 878 (9th Cir. 1988). Thus, the burden here is on the Government to establish that it was substantially justified on the whole, considering both the underlying administrative decision of the ALJ and the Commissioner's litigation position in defending the ALJ's decision. See Gutierrez, 274 F.3d at 1259; Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988). However, the Ninth Circuit also has observed that "[i]t is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying administrative decision would not." See Flores v. Shalala, 49 F.3d 562, 570 n.11 (9th Cir. 1995).

In Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 181 L. Ed. 2d 490 (1988), the Supreme Court held that the statutory phrase "substantially justified" does not mean "justified to a high degree." Rather, it means "justified in substance or in the main," or in other words "justified to a degree that could satisfy a reasonable

person." The Supreme Court further held that this interpretation of the phrase was equivalent to the formula adopted by the Ninth Circuit Court of Appeals, i.e., "a reasonable basis both in law and fact." There is no presumption that the Government's position was not substantially justified merely because it lost the case. See United States v. Marolf, 277 F.3d 1156, 1162 (9th Cir. 2002); Kali, 854 F.2d at 334. Under the reasonableness standard approved by the Supreme Court in Pierce, the Ninth Circuit has found the Commissioner's position substantially justified even where, for example, an ALJ "badly mischaracterized" evidence and "ignored . . . clear direct evidence" that the claimant's past work required more than her residual functional capacity limitations would allow her to do. See Lewis v. Barnhart, 281 F.3d 1081, 1083-84 (9th Cir. 2002).

Here, in plaintiff's underlying case, which included a total of six disputed issues, the Court was unable to affirm the ALJ's decision with respect to Disputed Issue Nos. 1-4: (1) whether the ALJ properly evaluated all the medical opinions in the record; (2) whether the ALJ properly determined plaintiff's residual functional capacity; (3) whether the ALJ made a proper adverse credibility determination with respect to plaintiff's son; and (4) whether the ALJ made a proper adverse credibility determination with respect to plaintiff. With respect to Disputed Issue Nos. 5-6, the Court (5) agreed with the Government that the ALJ properly rejected the opinion of plaintiff's treating physician; and (6) determined that it was unnecessary to reach the issue of whether the ALJ posed a proper hypothetical question to the vocational expert, in light of the Court's resolution of the other issues.

**A.    The Government's position was not substantially justified.**

The Government contends that its position was substantially justified, even with respect to Disputed Issue Nos. 1-4. For the reasons discussed hereafter, the Court disagrees.

//

Disputed Issue No. 1[1]

The ALJ's failure to properly evaluate all of the medical evidence in the record, particularly the opinion of Dr. Angerman, contravened the Commissioner's own regulations. See 20 C.F.R. § 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive."). It follows that the Government's position with respect to this issue was not substantially justified. See Shafer v. Astrue, 518 F.3d 1067, 1069, 1072 (9th Cir. 2008) (government's position was not substantially justified where ALJ contravened SSA regulations by disregarding, without explanation, a medical expert's opinion); see also Gutierrez, 274 F.3d at 1259 (government's position was not substantially justified where ALJ's decision reflected failure to follow SSA regulations); Yang v. Shalala, 22 F.3d 213, 217 (9th Cir. 1994) (same).

The Government contends that its position was substantially justified by merely repeating its litigation position that such evidence was not significant and probative (see Opp. at 4-5), a position that the Court squarely rejected in its Order reversing the ALJ's decision (see Order at 6). Accordingly, the Court declines to find that there was a reasonable basis both in law and fact for the ALJ to have disregarded the evidence. See Flores, 49 F.3d at 570-71 (government's position was not substantially justified where ALJ failed to consider, without explanation, report that was significant and probative to claim of disability).

//

---

[1] Preliminarily, the Government points out that the Court overlooked its position with respect to the ALJ's evaluation of the opinion of Dr. Marshak. (See Opp. at 4.) However, even assuming arguendo that the Court had found that the ALJ properly evaluated the opinion of Dr. Marshak, this would not have changed the Court's ultimate finding in Disputed Issue No. 1 that the ALJ failed to properly evaluate the medical evidence. Nor would such finding have rendered the Government's position with respect to this disputed issue substantially justified.

The Court therefore finds that the Government's position with respect to Disputed Issue No. 1 was not substantially justified.

### Disputed Issue No. 2

It follows from the ALJ's failure to properly evaluate all of the medical evidence in the record that the ALJ erred in determining plaintiff's residual functional capacity ("RFC"). Accordingly, the Court also finds that the Government's position with respect to Disputed Issue No. 2 was not substantially justified. See Shafer, 518 F.3d at 1070, 1072 (government's position was not substantially justified where ALJ erred in assessing claimant's RFC by failing to properly assess the medical evidence).

### Disputed Issue No. 4

The ALJ's adverse credibility determination with respect to plaintiff was not based on clear and convincing reasons supported by substantial evidence. (See Order at 8-11.) Recently, the Ninth Circuit held that in similar circumstances that the Government's position was not substantially justified. See Meier v. Colvin, - F.3d. - 2013 WL 3802382, at *3 (9th Cir. July 23, 2013) (government's position was not substantially justified where ALJ's adverse credibility determination with respect to claimant was not based on clear and convincing reasons, supported by substantial evidence). The Court likewise finds that the Government's position with respect to Disputed Issue No. 4 was not substantially justified, especially since the ALJ's adverse credibility determination relied in part on a characterization of the record that was "not entirely accurate." (See Order at 11.)

### Disputed Issue No. 3

The ALJ's failure to address the testimony of plaintiff's son, David Ramirez, contravened the Commissioner's own regulations. See 20 C.F.R. 404.1513(d)(4) (noting that the Commissioner will consider evidence from "non-medical sources (for

example, spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, and clergy)."). It follows that the Government's position with respect to this disputed issue was not substantially justified. See Gutierrez, 274 F.3d at 1259; Yang, 22 F.3d at 217.

The Government contends that the ALJ's failure to consider Mr. Ramirez's testimony was harmless error by merely repeating its litigation position that Mr. Ramirez's testimony mirrored plaintiff's testimony, which the ALJ properly rejected (see Opp. at 10-11), a position that the Court squarely rejected. (See Order at 11-12.) Accordingly, the Court declines to find that there was a reasonable basis both in law and fact for the ALJ to have disregarded Mr. Ramirez's testimony.

Moreover, to the extent that the Government now contends that its position was substantially justified because the Court's application of the harmless error test of Stout v. Commissioner, Social Sec. Admin., 454 F.3d 1050 (9th Cir. 2006), was "out of context" (see Opp. at 11), the Court disagrees.[2]  Specifically, the Government points to a statement by the Ninth Circuit, in Molina v. Astrue, 674 F.3d 1104, 1117 (9th Cir. 2012), that a claimant's interpretation of Stout was "out of context" because it required a finding that an ALJ's failure to expressly reject a lay witness's testimony was per se prejudicial; rather, the Ninth Circuit observed that such an error would be harmless where, for example, the ALJ had properly rejected the similar testimony of nine other lay witnesses. Here, by way of contrast, the Court did not find that the ALJ's failure to properly consider Mr. Ramirez's testimony was per se prejudicial; rather, the Court found that the ALJ had failed to properly reject any testimony that was similar to that of Mr. Ramirez. (See Order at 11-12.)

---

[2] In Stout, 454 F.3d at 1056, the Ninth Circuit held that "where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination."

The Court therefore finds that the Government's position with respect to Disputed Issue No. 3 was not substantially justified. See Sampson v. Chater, 103 F.3d 918, 922 (9th Cir. 1996) (government's position was not substantially justified where ALJ failed to adequately account for testimony of claimant's mother).

Conclusion

The fact that the Court agreed with the Government's position with respect to Disputed Issue No. 5 and found it unnecessary to decide Disputed Issue No. 6 is not sufficient to render the Government's position substantially justified on the whole. See Hackett v. Barnhart, 475 F.3d 1166, 1174 n.1 (10th Cir. 2007) (EAJA award was not precluded even though Commissioner prevailed on 5 of 6 issues in district court). The Court finds that it was not.

**B.   The EAJA award, less any offset to which the Government legally is entitled, should be paid directly to plaintiff's counsel.**

The Supreme Court has held that an EAJA award is payable to the litigant, as opposed to the litigant's attorney, and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States. See Ratliff, 130 S. Ct. at 2522. Accordingly, the Government requests that, if any EAJA fees are awarded, the Court order the fees paid to plaintiff, notwithstanding plaintiff's assignment of any such fees awarded to his counsel. (See Opp. at 11-12.) The Government does not contest the validity of the assignment contained in the fee agreement between plaintiff and his counsel here, but proposes the following approach:

> "[I]f the Court orders EAJA fees, the Court [should] specify that payment is to Plaintiff. If and when Plaintiff is awarded EAJA fees, the United States Department of the Treasury will determine whether Plaintiff owes a government debt and take appropriate action according

to its own statutes and regulations, as permitted by Ratliff."

In other post-Ratliff cases before this Court in which the parties have stipulated to the foregoing approach, the Court has gone along with it. However, the Court does not construe Ratliff as mandating this approach, or as precluding the Court from recognizing a valid assignment of EAJA fees. Rather, the Court construes Ratliff as standing simply for the proposition that, since EAJA fees are payable in the first instance to the plaintiff, they are subject to a Government offset to satisfy any pre-existing debt that the litigant owes the United States. However, subject to such offset (if any), plaintiff's counsel is entitled to direct payment of the EAJA award if there has been a valid assignment. The Court notes that its view that Ratliff does not preclude direct payment to plaintiff's counsel is consistent with a number of post-Ratliff decisions. See, e.g., Coffey v. Astrue, 2013 WL 120030, at *4 (N.D. Cal. Jan. 8, 2013) (directing that attorney's fees, subject to any debt offset, be paid directly to plaintiff's counsel); Palomares v. Astrue, 2012 WL 6599552, at *9 (N.D. Cal. Dec. 18, 2012) (same); Castaneda v. Astrue, 2010 WL 2850778, at *2-*3 (C.D. Cal. July 20, 2010) ("The Court concludes that in light of the assignment, the amount awarded herein, subject to any legitimate offset, should be paid directly to Plaintiff's counsel."); Booker v. Astrue, 2010 WL 2771875, at *3 (S.D. Ind. July 13, 2010) (ordering payment of EAJA award directly to plaintiff's counsel); Martin v. Astrue, 2010 WL 2639566, at *2 (M.D. Fla. June 29, 2010) (same); see also Watson v. Astrue, 2010 WL 2903955, at *1 (W.D. La. July 19, 2010) (ordering that the EAJA fees be made payable to both plaintiff and counsel).

//
//
//
//
//

**ORDER**

IT IS THEREFORE ORDERED AS FOLLOWS: (1) plaintiff's EAJA Petition is granted; (2) plaintiff is awarded EAJA fees in the amount of $4,313.08, and costs in the amount of $350; and (3) the Commissioner shall pay such EAJA fees, subject to any offset to which the Government legally is entitled, directly to plaintiff's counsel.

DATED: August 6, 2013

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE